# In the United States Court of Appeals for the Fifth Circuit

ELLIOTT WILLIAMS,

*Plaintiff-Appellant,*

*v.*

JEFFREY CATOE, Senior Warden, Coffield Unit; WILLIAM WHEAT, Major of Security, Coffield Unit; PAMELA PACE, Practice Manager, UTMB, Coffield Unit; JACINTA ASSAVA, Nurse Practitioner, UTMB, Coffield Unit; JANE AND JOHN DOE; DOCTOR PAUL W. SHRODE; VICKI WHITE,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division

## APPELLEES' PETITION FOR INITIAL HEARING EN BANC

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

KYLE D. HAWKINS
Solicitor General
kyle.hawkins@oag.texas.gov

MATTHEW H. FREDERICK
Deputy Solicitor General

RANCE CRAFT
Assistant Solicitor General

COURTNEY B. CORBELLO
JEANINE M. COGGESHALL
Assistant Attorneys General

Counsel for Defendants-Appellees

# Certificate of Interested Persons

No. 18-40825

## Elliott Williams,
*Plaintiff-Appellant,*

*v.*

Jeffrey Catoe, Senior Warden, Coffield Unit; William Wheat, Major of Security, Coffield Unit; Pamela Pace, Practice Manager, UTMB, Coffield Unit; Jacinta Assava, Nurse Practitioner, UTMB, Coffield Unit; Jane and John Doe; Doctor Paul W. Shrode; Vicki White,
*Defendants-Appellees.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiff-Appellant:**
Elliott Williams

**Counsel for Plaintiff-Appellant:**
Elliott Williams, *pro se*

**Defendants-Appellees:**
Jeffrey Catoe
William Wheat
Pamela Pace
Jacinta Assava
Doctor Paul W. Shrode
Vicki White

**Counsel for Defendants-Appellees:**
Ken Paxton
Jeffrey C. Mateer
Brantley Starr
Darren L. McCarty
Kyle D. Hawkins (lead counsel)
Shanna E. Molinare
Matthew H. Frederick
Rance Craft
Courtney B. Corbello
Jeanine M. Coggeshall
Office of the Attorney General

**Non-parties:**
Texas Department of Criminal Justice
University of Texas Medical Branch

/s/ Kyle D. Hawkins
KYLE D. HAWKINS
*Counsel of Record for*
*Defendants-Appellees*

## Introduction and Rule 35(b)(1) Statement

Initial hearing en banc is warranted because this appeal involves a question of exceptional importance that has divided the judges of this Court and the federal courts of appeals: whether a district court's interlocutory order denying a motion for appointment of counsel in a section 1983 action is immediately appealable under the collateral-order doctrine.

Three decades ago, in *Robbins v. Maggio*, 750 F.2d 405, 409-13 (5th Cir. 1985), a panel majority answered "yes," reasoning that such orders meet the criteria for appealable collateral orders under *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978). That decision has been criticized repeatedly. Judge Garwood, dissenting in *Robbins*, described the majority's conclusion as "a major and serious invasion of the values sought to be promoted by the final judgment rule." *Robbins*, 750 F.2d at 417. And a subsequent panel commented that, while it was bound by *Robbins*, it would have unanimously held that "the denial of appointment of counsel fails to meet any of the three requirements for appealability" under the collateral-order doctrine. *Marler v. Adonis Health Prods.*, 997 F.2d 1141, 1143 (5th Cir. 1993) (Reavley, J., joined by Duhé and Barksdale, JJ.).

Not only has the *Robbins* rule been criticized by judges of this Court, but, as the Court has acknowledged, it is also "contrary to the rule in the majority of circuit courts." *Naranjo v. Thompson*, 809 F.3d 793, 799 n.3 (5th Cir. 2015). Nine circuit courts have held that interlocutory orders denying the appointment of counsel in section 1983 cases are *not* immediately appealable. *Appleby v. Meachum*, 696 F.2d 145, 146 (1st Cir. 1983) (per curiam); *Welch v. Smith*, 810 F.2d 40, 42 (2d Cir. 1987);

*Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *Miller v. Simmons*, 814 F.2d 962, 964 (4th Cir. 1987); *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 759 (6th Cir. 1985) (en banc); *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1067 (7th Cir. 1981) (per curiam); *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986); *Cotner v. Mason*, 657 F.2d 1390, 1391-92 (10th Cir. 1981) (per curiam); *Holt v. Ford*, 862 F.2d 850, 851 (11th Cir. 1989) (en banc).

Only the Eighth Circuit has joined this Court in allowing these interlocutory appeals. *Slaughter v. City of Maplewood*, 731 F.2d 587, 588-89 (8th Cir. 1984). And, like *Robbins*, that decision has been questioned repeatedly since its issuance over thirty years ago. *See, e.g.*, *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (noting that "[a] majority of this panel would revisit" the issue); *Nelson v. Shuffman*, 476 F.3d 635, 636-38 (8th Cir. 2007) (Colloton, J., dissenting) (urging that *Slaughter* was wrongly decided).

Despite the disagreement within this Court and with most circuit courts, the *Robbins* rule has endured to this day, spawning countless interlocutory appeals such as this one. The rule has presumably evaded en banc review because these appeals almost always fail. In the 33 years since *Robbins* was decided, on only *four* occasions has the Court reversed an interlocutory order and remanded with instructions either to appoint counsel or to reconsider the decision to deny counsel. A defendant who has already won one of these appeals has little reason to think the full Court would set aside his victory to decide whether the panel should have exercised jurisdiction in the first place.

Indeed, not only is *Robbins* wrong and a jurisprudential outlier, but it also creates an unjustifiable drain on governmental and judicial resources. In just the past two years, attorneys and staff at the Office of the Texas Attorney General have spent nearly 100 hours defending these interlocutory appeals. That figure reflects only cases involving Texas state employees. Presumably, defendants from local Texas governments, Louisiana, and Mississippi also encountered these appeals in the same period. And that is to say nothing of the time spent by this Court's judges, staff attorneys, and other personnel. That drain on resources did not produce a single instance in those two years in which the Court ordered a district court to appoint counsel or reconsider the denial of counsel—an unsurprising streak of failure given that the Court has issued only four such orders since 1985.

Because *Robbins* misapplies the collateral-order doctrine, contravenes the law of most circuits, and imposes substantial costs on taxpayers with virtually no countervailing benefits, it should be overruled.

# Table of Contents

Page

Certificate of Interested Persons ..................................................................i

Introduction and Rule 35(b)(1) Statement ...............................................iii

Table of Authorities ..................................................................................vii

Statement of the Issues Meriting Hearing En Banc ..................................1

Statement of the Case .................................................................................1

Argument.....................................................................................................2

    I.   *Robbins* Misapplied the Collateral-Order Doctrine....................2

        A.  An order denying appointment of counsel is inherently not "conclusive." .......................................................................3

        B.  An order denying appointment of counsel is not "completely separate from the merits." ..............................5

        C.  An order denying appointment of counsel is not "effectively unreviewable on appeal from a final judgment." .................7

    II.  En Banc Review of the *Robbins* Rule Is Warranted. ...................9

        A.  *Robbins* is an outlier among the circuit courts. ...................9

        B.  The *Robbins* rule burdens the Court and defendants but offers virtually no benefit for plaintiffs. ..................... 11

Conclusion................................................................................................. 13

Certificate of Service................................................................................. 14

Certificate of Compliance ........................................................................ 14

Addendum: *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985)

# Table of Authorities

Page(s)

**Cases**

*Appleby v. Meachum,*
696 F.2d 145 (1st Cir. 1983) (per curiam) .......................................... iii, 4, 6, 8, 9

*Carter v. Lynn,*
981 F.2d 1255 (5th Cir. 1992) (unpublished) ................................................... 11

*Cohen v. Beneficial Indus. Loan Corp.,*
337 U.S. 541 (1949) .................................................................................................2

*Coopers & Lybrand v. Livesay,*
437 U.S. 463 (1978) ...........................................................................iii, 3, 6, 7, 8

*Cotner v. Mason,*
657 F.2d 1390 (10th Cir. 1981) (per curiam) .......................................... iv, 9, 10

*Ficken v. Alvarez,*
146 F.3d 978 (D.C. Cir. 1998) ...........................................................................10

*Henry v. City of Detroit Manpower Dep't,*
763 F.2d 757 (6th Cir. 1985) (en banc)...................................................... iv, 4, 10

*Holt v. Ford,*
862 F.2d 850 (11th Cir. 1989) (en banc) ..........................................iv, 4, 6, 8, 10

*Janus v. AFSCME, Council 31,*
138 S. Ct. 2448 (2018).................................................................................... 12

*Marler v. Adonis Health Prods.,*
997 F.2d 1141 (5th Cir. 1993).....................................................................iii, 9

*McKnight v. Blanchard,*
667 F.2d 477 (5th Cir. 1982)..............................................................................8

*Medrano v. Thomas,*
99 F. App'x 521 (5th Cir. 2004) (per curiam) (unpublished)........................... 11

*Miller v. Pleasure,*
425 F.2d 1205 (2d Cir. 1970) (per curiam) ......................................................6

*Miller v. Simmons,*
814 F.2d 962 (4th Cir. 1987) .....................................................iv, 4, 6, 8, 10

*Naranjo v. Thompson,*
809 F.3d 793 (5th Cir. 2015)................................................................... iii, 11

*Nelson v. Shuffman*,
   476 F.3d 635 (8th Cir. 2007) ...................................................... iv, 10

*Parker v. Carpenter*,
   978 F.2d 190 (5th Cir. 1992) ........................................................... 3

*Randle v. Victor Welding Supply Co.*,
   664 F.2d 1064 (7th Cir. 1981) (per curiam) ............................ iv, 8, 10

*Robbins v. Maggio*,
   750 F.2d 405 (5th Cir. 1985) ................................................... *passim*

*Sanchez v. Chapman*,
   352 F. App'x 955 (5th Cir. 2009) (per curiam) (unpublished) ......................... 11

*Slaughter v. City of Maplewood*,
   731 F.2d 587 (8th Cir. 1984) ...................................................... iv, 10

*Smith-Bey v. Petsock*,
   741 F.2d 22 (3d Cir. 1984) ................................................... iv, 6, 8, 10

*Ulmer v. Chancellor*,
   691 F.2d 209 (5th Cir. 1982) ........................................................... 3

*Walker v. Will Cty. Sheriff's Dep't*,
   129 F.3d 1268 (7th Cir. 1997) (unpublished) ................................................ 10

*Ward v. Smith*,
   721 F.3d 940 (8th Cir. 2013) (per curiam) ..................................... iv, 10

*Welch v. Smith*,
   810 F.2d 40 (2d Cir. 1987) ........................................................ iii, 9

*Wilborn v. Escalderon*,
   789 F.2d 1328 (9th Cir. 1986) .............................................. iv, 6, 10

**Statutes and Rules**

28 U.S.C.
   § 1291 .................................................................................... 2
   § 1915(e)(1) ........................................................................... 1

42 U.S.C. § 1983 ............................................................................ 1

Fed. R. App. P. 35(b)(1)(B) ........................................................... 9

# Statement of the Issues Meriting Hearing En Banc

I. Whether a district court's interlocutory order denying a plaintiff's motion for appointment of counsel in a section 1983 action is immediately appealable under the collateral-order doctrine.

II. Whether *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985), should be overruled.

# Statement of the Case

Elliott Williams is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). ROA.19. Proceeding pro se, he brought this suit against TDCJ employees Jeffrey Catoe and William Wheat; University of Texas Medical Branch at Galveston ("UTMB") employees Jacinta Assava, Pamela Pace, Paul Shrode, and Vicki White; and unknown UTMB employees. ROA.14-35. Williams asserts claims under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs. ROA.19-22.[1]

Before Defendants answered the suit, Williams moved for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). ROA.309-11. Williams argued that, without counsel, he could not comply with the scheduling order's directive to make disclosures. ROA.41, 309.

The magistrate judge denied the motion. ROA.317. She could not discern from the motion whether counsel was necessary. ROA.317. And, having reviewed the complaint, she did not believe the case was sufficiently complicated to require an

---

[1] The district court has dismissed the claims against Pace and the unknown employees with prejudice. ROA.345, 348-49.

attorney. ROA.317. But she reserved the right to appoint counsel later in the case if she determined it was necessary. ROA.317.

Williams moved for reconsideration of the magistrate judge's order. ROA.323-28. The district court denied the motion. ROA.380-81. The court reiterated that the case was not sufficiently complex to warrant counsel and that Williams had failed to show that counsel was otherwise necessary. ROA.380-81.

Williams appealed. ROA.407-08. He invoked this Court's appellate jurisdiction under *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985), which held that interlocutory orders declining to appoint counsel in section 1983 cases are appealable under the collateral-order doctrine. Williams Br. iii. The magistrate judge stayed and administratively closed the case pending the appeal. ROA.409-10.

## ARGUMENT

## I. *Robbins* Misapplied the Collateral-Order Doctrine.

Federal courts of appeals ordinarily may review only "final decisions of the district courts." 28 U.S.C. § 1291. The Supreme Court created an exception to that rule for orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The Court has since distilled that "collateral-order doctrine" into three essential elements: "the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and

[3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

In *Robbins*, the panel majority "conclude[d] that all three elements are satisfied by an order denying appointment of counsel in civil rights cases and that the order is subject to immediate appeal." 750 F.2d at 412. As discussed below, that conclusion was wrong. None of the doctrine's elements is satisfied in this situation.

## A. An order denying appointment of counsel is inherently not "conclusive."

The *Robbins* majority held that the first element was met "because the order is one that conclusively determines the question of appointment of counsel." *Id.* The majority deemed such orders "conclusive" because "[i]f a defendant after denial of the motion chooses to go forward with his claim, he must do so without the assistance of appointed counsel." *Id.* That rationale was incorrect.

**1.** Orders declining to appoint counsel in section 1983 cases generally are not conclusive because, as Judge Garwood explained, they are inherently tentative. *Id.* at 415 (Garwood, J., dissenting).

Appointing counsel to pursue non-frivolous section 1983 claims is warranted only if "the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Whether such circumstances exist depends on several case-specific factors such as "the type and complexity of the case," "the petitioner's ability to present and investigate his case," and "the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination." *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

As Judge Garwood recognized, those factors can evolve as the case proceeds, so that "[s]hould later developments indicate a greater complexity or [the plaintiff's] lesser capacity, the district court might well appoint counsel." *Robbins*, 750 F.2d at 415 (Garwood, J., dissenting). Because an order denying counsel necessarily covers the case only to that point, it "is not the kind of final rejection in the trial court which is envisaged by the first *Cohen* factor." *Id.*

**2.** Other circuit courts have echoed that analysis in holding that orders denying counsel in section 1983 cases flunk the "conclusive determination" condition. The Sixth Circuit has held that "orders denying appointment of counsel should be presumed tentative" because plaintiffs often request counsel early on when "there is very little in the record upon which the district judge can, for this purpose, determine whether the claim has merit." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 762 (6th Cir. 1985) (en banc). The Eleventh Circuit has adopted the same presumption, observing that "the denial of appointed counsel usually indicates nothing more than that the district court is not completely confident of the propriety of [court appointed counsel] at that time." *Holt v. Ford*, 862 F.2d 850, 852, 853 n.3 (11th Cir. 1989) (en banc) (citation and internal quotation marks omitted). "[S]uch [a] preliminary order," the Fourth Circuit has explained, "does not foreclose future consideration by the trial court of the appropriateness of appointment of counsel as facts and circumstances dictate." *Miller v. Simmons*, 814 F.2d 962, 965 (4th Cir. 1987); *see also Holt*, 862 F.2d at 852 (suggesting that "a district court could reconsider a previous decision to deny appointed counsel" "[i]f a case, as it develops reveals itself to be legally or factually more complex"); *Appleby v. Meachum*, 696 F.2d 145, 147 (1st Cir.

1983) (per curiam) (noting that courts can revisit appointing counsel "where a possibly meritorious case appears to be developing").

**3.** This case perfectly illustrates this point. Williams sought appointment of counsel before Defendants had even appeared in the case. ROA.309-11. So, the magistrate judge had only Williams's complaint, a preliminary-screening report, and the motion for counsel by which to gauge the case's complexity. After reviewing those materials, the magistrate judge determined that counsel was not required. ROA.317. But, recognizing that her assessment could change as the case progressed, she made her order "subject to later appointment if it is determined that counsel is necessary." ROA.317. Ironically, this interlocutory appeal halted the case's progress, ROA.409-10, forestalling any development that might persuade the magistrate judge to reassess Williams's request.

## B. An order denying appointment of counsel is not "completely separate from the merits."

The *Robbins* majority reasoned that the second collateral-order element was met because an order denying appointment of counsel is based only on "facts known by the district court *prior* to trial," not on "what ensued at trial," and is therefore "separable from the merits of the case." 750 F.2d at 412. That analysis was flawed.

**1.** In stressing the difference between what was known before trial and what happened at trial, the *Robbins* majority apparently confused a case's "merits" with its "outcome." But *Coopers* should have dispelled that confusion. There, the Supreme Court held that class-certification orders did not meet the second element

because "the class determination generally involves considerations that are en-meshed in the factual and legal issues comprising the plaintiff's cause of action." 437 U.S. at 469 (citation and internal quotation marks omitted). Separate from the "mer-its" thus means separate from a claim's substance, not its eventual disposition.

Again, Judge Garwood got it right. He explained that, "[s]ince the propriety of declining to appoint counsel depends in such large part on how complex the facts of the particular substantive claim are and on the degree of arguable merit which the claim has," orders denying appointment of counsel are not "'completely separate from the merits.'" *Robbins*, 750 F.2d at 416 (Garwood, J., dissenting) (quoting *Coopers*, 437 U.S. at 468).

**2.** Other circuits have made precisely the same point. The Eleventh Circuit's rationale is representative:

> In determining whether to appoint counsel, the district court typically con-siders, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel. Naturally, then, in reviewing a denial of appointed counsel for an abuse of discretion, this court also would have to consider such factors, thereby becoming enmeshed in the factual and legal issues comprising the plaintiff's cause of action. Thus, an order denying appointed counsel fails the second prong of the *Cohen* test.

*Holt*, 862 F.2d at 853 (citations, internal quotation marks, and footnote omitted); *accord Miller*, 814 F.2d at 966; *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986); *Smith-Bey v. Petsock*, 741 F.2d 22, 24 (3d Cir. 1984); *Appleby*, 696 F.2d at 147; *Miller v. Pleasure*, 425 F.2d 1205, 1206 (2d Cir. 1970) (per curiam).

**3.** This point is demonstrated here as well. Both the magistrate judge and the district court cited this case's lack of complexity in denying Williams's motion for counsel. ROA.317, 380-81. Thus, they explicitly did not resolve an issue "completely separate from the merits of the action." *Coopers*, 437 U.S. at 468.

### C. An order denying appointment of counsel is not "effectively unreviewable on appeal from a final judgment."

Finally, the *Robbins* majority concluded that, in the section 1983 context, an order denying counsel would be "effectively unreviewable" after final judgment because "there remains a great risk that a civil rights plaintiff may abandon a claim or accept an unreasonable settlement in light of his own perceived inability to proceed with the merits of his case." *Robbins*, 750 F.2d at 412. That assessment, for which the majority cited no evidence, was logically and legally wrong.

**1.** An interlocutory appeal does not alleviate any potential concerns about a plaintiff's ability to proceed without counsel. After all, any such appeal presumably would be handled pro se. But if a pro se plaintiff is deemed able to vindicate his interests on appeal, there is no reason to doubt his ability to do so in district court. *See id.* at 417 (Garwood, J., dissenting). Indeed, Judge Garwood explained, "the large number of *pro se* tried cases where *pro se* appeals have been perfected in this Court should suffice to demonstrate that the denial of appointment of counsel does not effectively prevent . . . such cases from being actually tried and appealed." *Id.*

And to the extent the *Robbins* majority feared that civil-rights plaintiffs would be discouraged from pursuing their claims without counsel, the Supreme Court had already rejected that argument in *Coopers*: "the fact that an interlocutory order may

induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final decision' within the meaning of § 1291." 437 U.S. at 477. The *Robbins* majority attempted to distinguish that language on the basis that this Court had purportedly cabined *Coopers* to class-certification orders. 750 F.2d at 412 n.11 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). But that is not so. In *McKnight*, the Court said only that *Coopers* did not extend to "an order such as the present [one]," which "effectively terminated the litigation" by refusing to set the case for trial until the plaintiff left prison. 667 F.2d at 478, 479 n.1.

**2.** The Eleventh Circuit, sitting en banc, criticized the *Robbins* majority's analysis of the third collateral-order element. *Holt*, 862 F.2d at 854 n.7. That court "question[ed] the validity" of the majority's "assumption" that plaintiffs would abandon claims without counsel. *Id.* Rather, it agreed with the Fourth Circuit that "it is just as 'reasonable to believe that a *pro se* litigant who has the ability to perfect an immediate appeal upon denial of appointment of counsel by the district court would be equally able to raise the denial of appointment of counsel should he be unsuccessful on the merits and take a final appeal in the matter.'" *Id.* (quoting *Miller*, 814 F.2d at 967). And, regardless, the court noted that *Coopers* had rejected the risk of abandoned claims as a basis for meeting the third element. *Id.*

Other circuits agree that orders denying counsel are not "effectively unreviewable" after final judgment. If a district court erroneously denies a request for counsel, the court of appeals can always vacate the judgment and order a new trial with appointed counsel. *Holt*, 862 F.2d at 854; *Miller*, 814 F.2d at 967; *Smith-Bey*, 741 F.2d at 25; *Appleby*, 696 F.2d at 147 n.3; *Randle v. Victor Welding Supply Co.*, 664 F.2d

1064, 1066-67 (7th Cir. 1981) (per curiam); *Cotner v. Mason*, 657 F.2d 1390, 1391-92 (10th Cir. 1981) (per curiam).

**3.** This case exemplifies why orders denying counsel do not meet the third collateral-order element. Williams has filed 80 documents in the proceedings below. *See* ROA.2-13. And he successfully perfected this appeal and filed an appellate brief. There is no indication that Williams cannot pursue this case to final judgment and appeal any adverse decision, at which point he can challenge the interlocutory denial of his motion to appoint counsel.

## II. En Banc Review of the *Robbins* Rule Is Warranted.

The *Robbins* majority's erroneous analysis has not gone unnoticed by the Court. At least one panel has lamented that it was bound by *Robbins*, explaining that it would have held that "the denial of appointment of counsel fails to meet any of the three requirements for appealability" under the collateral-order doctrine. *Marler v. Adonis Health Prods.*, 997 F.2d 1141, 1143 (5th Cir. 1993). But, of course, only the en banc Court can overrule *Robbins*. As explained below, that unusual step is justified here.

### A. *Robbins* is an outlier among the circuit courts.

En banc review is warranted because *Robbins* directly conflicts with decisions of other circuit courts that have addressed the issue of jurisdiction over appeals like this one. Fed. R. App. P. 35(b)(1)(B).

Nine circuit courts have held that an interlocutory order denying appointment of counsel in a section 1983 action is *not* immediately appealable under the collateral-order doctrine. *Appleby*, 696 F.2d at 146 (1st Cir.); *Welch v. Smith*, 810 F.2d 40, 42

(2d Cir. 1987); *Smith-Bey*, 741 F.2d at 26 (3d Cir.); *Miller*, 814 F.2d at 964 (4th Cir.); *Henry*, 763 F.2d at 759 (6th Cir.); *Randle*, 664 F.2d at 1067 (7th Cir.);[2] *Wilborn*, 789 F.2d at 1330 (9th Cir.); *Cotner*, 657 F.2d at 1391-92 (10th Cir.); *Holt*, 862 F.2d at 851 (11th Cir.). And although the District of Columbia Circuit has not addressed the issue in the section 1983 context, it has held that orders denying counsel in Title VII cases are not immediately appealable. *Ficken v. Alvarez*, 146 F.3d 978, 979 (D.C. Cir. 1998). That decision also clashes with *Robbins*, which found that Title VII cases were indistinguishable from section 1983 cases on this issue. 750 F.2d at 410 n.6.

By contrast, the Eighth Circuit is the only other circuit court that allows these interlocutory appeals. *Slaughter v. City of Maplewood*, 731 F.2d 587, 588-89 (8th Cir. 1984). And, like *Robbins*, that decision has been repeatedly criticized. *See, e.g.*, *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (noting that "[a] majority of this panel would revisit" the issue); *Nelson v. Shuffman*, 476 F.3d 635, 636-38 (8th Cir. 2007) (Colloton, J., dissenting) (urging that *Slaughter* was wrongly decided).

Because this Court is on the wrong side of this lopsided circuit split, it should hear this case en banc to align the law of this circuit with the majority rule.

---

[2] Although *Randle* was a products-liability suit, the Seventh Circuit applies its holding to section 1983 claims. *Walker v. Will Cty. Sheriff's Dep't*, 129 F.3d 1268 (7th Cir. 1997) (unpublished).

## B. The *Robbins* rule burdens the Court and defendants but offers virtually no benefit for plaintiffs.

Defendants do not seek en banc review only for the sake of circuit uniformity, but also because interlocutory appeals under *Robbins* unreasonably burden the Court and litigants to little purpose.

Judge Garwood predicted that "the vast majority" of these appeals would not overturn orders denying counsel. *Robbins*, 750 F.2d at 418 n.4 (Garwood, J., dissenting). That prediction made sense: counsel is appointed only in "exceptional circumstances" and orders denying counsel are reviewed only for "abuse of discretion." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015).

History has proven Judge Garwood right. In the 33 years since *Robbins* was decided, the Court has reversed one of these interlocutory orders and remanded with instructions either to appoint counsel or to reconsider the denial of counsel only *four* times. *Naranjo*, 809 F.3d at 806-07; *Sanchez v. Chapman*, 352 F. App'x 955 (5th Cir. 2009) (per curiam) (unpublished); *Medrano v. Thomas*, 99 F. App'x 521 (5th Cir. 2004) (per curiam) (unpublished); *Carter v. Lynn*, 981 F.2d 1255 (5th Cir. 1992) (unpublished). And in two of those cases, the Court did not disagree with the district court's analysis of the need for counsel, but remanded for other reasons. *Naranjo*, 809 F.3d at 799-806 (affirming the district court's conclusion that counsel was warranted, but holding that the court erred in finding that it lacked authority to compel an appointment); *Medrano*, 99 F. App'x at 523 (finding "no fault" in the district court's decision to deny counsel without prejudice, but holding that it erred in requiring the plaintiff to reactivate his case on remand).

At the same time, the *Robbins* rule has allowed countless other interlocutory appeals to proceed without success. These appeals unnecessarily delay district-court proceedings and impose significant costs on the governments that must defend them. Indeed, in just the past two years, the Office of the Texas Attorney General has spent nearly 100 hours defending appeals like this, and other governments in this circuit have surely spent considerable time on them as well. These appeals also tax the resources of this Court's judges, staff attorneys, and other personnel.

The burdens of the *Robbins* rule cannot be justified by the exceedingly rare cases in which this Court has reversed interlocutory orders denying counsel—decisions which, again, many circuits have held are effectively reviewable after final judgment. *See supra* Part I.C. These serious practical consequences of *Robbins* constitute an additional reason to overrule it.[3]

---

[3] Stare decisis would be no impediment to overruling *Robbins*, which was poorly reasoned, inconsistent with other authority, subsequently undermined by other developments, and not subject to reliance interests. *See Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2478-79 (2018).

# Conclusion

The Court should grant the petition for initial hearing en banc.

Respectfully submitted.

/s/ Kyle D. Hawkins

Ken Paxton
Attorney General of Texas

Jeffrey C. Mateer
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Kyle D. Hawkins
Solicitor General
kyle.hawkins@oag.texas.gov

Matthew H. Frederick
Deputy Solicitor General

Rance Craft
Assistant Solicitor General

Courtney B. Corbello
Jeanine M. Coggeshall
Assistant Attorneys General

Counsel for Defendants-Appellees

## CERTIFICATE OF SERVICE

On December 14, 2018, this petition was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

On December 14, 2018, this petition was served via United States Postal Service, postage prepaid to:

Elliott Williams, TDCJ #00481914
Coffield Unit
2661 FM 2054
Tennessee Colony, Texas 75884

Plaintiff-Appellant *pro se*

/s/ Kyle D. Hawkins
KYLE D. HAWKINS

## CERTIFICATE OF COMPLIANCE

This petition complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 35(b)(2)(A) because it contains **3,885** words, excluding the parts of the petition exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Kyle D. Hawkins
KYLE D. HAWKINS

**Addendum**

*Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985)

🚩 KeyCite Yellow Flag - Negative Treatment

Disagreed With by Holt v. Ford, 11th Cir.(Ga.), January 4, 1989

750 F.2d 405
United States Court of Appeals,
Fifth Circuit.

Johnny W. ROBBINS, Plaintiff-Appellant,

v.

Ross MAGGIO, Warden, Louisiana State
Penitentiary, et al., Defendants-Appellees.

Charles Edward BOLDEN, Plaintiff-Appellant,

v.

Dr. (Name Unknown) UNIVERSITY MEDICAL
CENTER, et al., Defendants-Appellees.

Kenneth James MIDKIFF, Plaintiff-Appellant,

v.

Joseph C. DUHON, et al., Defendants-Appellees.

Nos. 83–3240, 83–3429 and 83–4409.

|

Jan. 14, 1985.

**Synopsis**

Three independent in forma pauperis civil rights actions
were commenced by prison inmates. The United States
District Court for the Middle District of Louisiana,
Alton T. Moran, Magistrate, and the United States
District Court for the Western District of Louisiana, John
M. Shaw, J., denied each of the inmates' motions for
appointment of counsel, and inmates appealed. Following
consolidation of the actions, the Court of Appeals, Jerre S.
Williams, Circuit Judge, held that: (1) motion to proceed
in forma pauperis, filed within 30–day period following
District Court's denial of appointment of counsel, was
the substantial equivalent of a timely notice of appeal;
(2) orders denying appointment of counsel to inmates,
who clearly demonstrated their inability to afford counsel,
were directly appealable as interlocutory orders under
the "collateral order" doctrine; but (3) actions would
be remanded for more specific findings as to why
appointment of counsel was denied in each of the actions.

Reversed and remanded.

Garwood, Circuit Judge, dissented and filed opinion.

**West Headnotes (8)**

[1] **Federal Courts**
  🗝 Effect of delay and excuses in general

  Time limitation for filing a notice of appeal
  is jurisdictional, and lack of a timely
  notice mandates dismissal of an appeal.
  F.R.A.P.Rule 4(a), 28 U.S.C.A.

  84 Cases that cite this headnote

[2] **Federal Courts**
  🗝 Requisites and sufficiency;defects

  Motion to proceed in forma pauperis, filed
  within 30–day period following district court's
  denial of appointment of counsel for state
  prisoner in his section 1983 action, was the
  substantial equivalent of a timely notice of
  appeal. F.R.A.P.Rule 4(a), 28 U.S.C.A.

  41 Cases that cite this headnote

[3] **Federal Courts**
  🗝 Interlocutory and Collateral Orders

  For an interlocutory order to be appealable
  immediately under the "collateral order"
  doctrine, the order must conclusively
  determine the disputed question, resolve
  an important issue completely separate
  from the merits of the action, and be
  effectively unreviewable on appeal from a
  final judgment. 28 U.S.C.A. § 1291.

  6 Cases that cite this headnote

[4] **Civil Rights**
  🗝 Appointment of Counsel

  Generally speaking, no right to counsel exists
  in section 1983 actions. 42 U.S.C.A. § 1983;
  U.S.C.A. Const.Amend. 6.

  59 Cases that cite this headnote

[5] **Federal Courts**
  🗝 Interlocutory and Collateral Orders

In determining whether an interlocutory order is effectively unreviewable on appeal from a final judgment and, thus, immediately appealable under the "collateral order" doctrine, issue is not whether the order becomes jurisdictionally unreviewable but whether it becomes effectively unreviewable due to the litigant's inability effectively to prosecute his claim or to appeal. 28 U.S.C.A. § 1291.

5 Cases that cite this headnote

**[6]** Federal Courts
⚬ Counsel

In civil rights cases, orders denying appointment of counsel to litigants who clearly demonstrated their inability to afford counsel were directly appealable as interlocutory orders under the "collateral order" doctrine; declining to follow *Miller v. Pleasure*, 425 F.2d 1205; *Cotner v. Mason*, 657 F.2d 1390; *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064; *Appleby v. Meachum*, 696 F.2d 145; *Smith-Bey v. Petsock*, 741 F.2d 22. 28 U.S.C.A. §§ 1291, 1915(d); 42 U.S.C.A. § 1983; U.S.C.A. Const.Amend. 6.

28 Cases that cite this headnote

**[7]** Federal Courts
⚬ Need for further evidence, findings, or conclusions

Three individual in forma pauperis civil rights actions brought by prison inmates were remanded for more specific findings as to why appointment of counsel was denied in each of the actions, in that district courts' cursory findings that actions lacked complexity necessary to warrant appointment of counsel and that inmates possessed the ability adequately to represent themselves precluded Court of Appeals from determining whether district courts exercised reasoned and well-informed discretion in denying appointment of counsel. 28 U.S.C.A. § 1915(d); 42 U.S.C.A. § 1983; U.S.C.A. Const.Amend. 6.

46 Cases that cite this headnote

**[8]** Federal Civil Procedure
⚬ Forma pauperis proceedings

Complexity of the issues and ability of indigent litigants to represent themselves are appropriate factors in reviewing requests for appointment of counsel. 28 U.S.C.A. § 1915(d).

20 Cases that cite this headnote

**Attorneys and Law Firms**

**\*407** Johnny W. Robbins, pro se.

Bruce V. Schewe (Court-Appointed), New Orleans, La., for plaintiff-appellant.

J. Marvin Montgomery, Lon E. Roberson, Asst. Attys. Gen., Joseph Erwin Kopsa, Baton Rouge, La., for defendants-appellees.

Charles Edward Bolden, pro se.

Frances Baker-Jack (Court-Appointed), Shreveport, La., for plaintiff-appellant.

McHugh & Guidry, Edmond L. Guidry, III, Daniel G. Guidry, Martinville, La., for Champagne & Dundas.

Kenneth James Midkiff, pro se.

Bruce V. Schewe (Court-Appointed), New Orleans, La., for plaintiff-appellant.

William J. Guste, Atty. Gen., Baton Rouge, La., William L. Goode, Lafayette, La., for defendants-appellees.

Appeals from the United States District Court for the Western District of Louisiana.

Before POLITZ, WILLIAMS and GARWOOD, Circuit Judges.

**Opinion**

JERRE S. WILLIAMS, Circuit Judge:

We consider three appeals from denials of petitions for appointment of counsel under 28 U.S.C. § 1915(d). The appeal consolidates three independent *in forma pauperis* civil rights actions brought by prison inmates pursuant to 42 U.S.C. § 1983. Each plaintiff moved the district court for appointment of counsel, but in each case, the motion was denied. Plaintiffs appeal from the denial of these motions. Two issues are presented on appeal: (1) whether the denials of motions to appoint counsel in these cases are appealable orders under 28 U.S.C. § 1291 and if so, (2) whether the decision to deny appointed counsel in any or all of the three cases was appropriate. We first conclude that denial of counsel in a civil rights case is appealable as a final collateral order. Finding jurisdiction, we remand each case on the merits for more detailed findings by the district court as to why appointment of counsel was denied.

### FACTS

The first of the three cases in this consolidated appeal was brought in December 1981, by Johnny W. Robbins, an inmate at the Louisiana State Penitentiary. Robbins brought suit under 42 U.S.C. § 1983, alleging that he had been denied competent medical assistance, and that he had been denied an appropriate diet. Robbins' suit was filed *in forma pauperis,* and referred to a United States magistrate.

Robbins moved for appointment of counsel under 28 U.S.C. § 1915(d) [1]. In December 1982, the magistrate denied plaintiff's motion for appointment of counsel. Over a year later, in April 1983, the magistrate again denied a motion for appointment of counsel, stating in a minute entry that "this case is not too complex for presentation by the plaintiff ... [and] plaintiff is capable of properly investigating this case."

[1]    28 U.S.C. § 1915(d) authorizes a trial court to appoint counsel for indigent civil litigants.

Thereafter, on April 22, 1983, Robbins filed a notice of appeal stating that review was sought "by the United States Court of Appeals for the Fifth Circuit from the final judgment entered in this action, denying plaintiffs an attorney on the 7th day of April, 1983." On April 26, 1983, four days after Robbins filed the notice of appeal, the district court affixed a handwritten order to Robbins'

certificate for appeal, pursuant to Fifth Circuit Rule 24. [2] The order stated:

[2]    At that time, Fifth Circuit Rule 24 was Rule 8.

Petitioner seeks to appeal from an order of the magistrate who refused to appoint counsel to referenced petitioner in this § 1983 action. There was no abuse of discretion on the part of the magistrate. The Court finds petitioner is not entitled to counsel at this time in this suit.

**\*408** Robbins did not file a formal notice of appeal from the April 26, 1983, district court order. On May 24, 1983, however, Robbins did file in this Court a document entitled "MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS." At issue is whether either of the motions filed by Robbins satisfies the requirements for proper notice of appeal from the April 26, 1983, district court order.

The second plaintiff, Charles Edward Bolden, filed a *pro se* complaint under 42 U.S.C. § 1983 in March 1983. Bolden alleged inadequate medical treatment while incarcerated at the St. Martin Parish Jail. [3] Named as defendants were Steve Champagne, Warden of the St. Martin Parish Jail; Earl Dundas, a nurse at the jail; and Dr. Willis Bienvenue, a physician at University Medical Center. In May 1983, Bolden moved for appointment of counsel. The motion was supported by an affidavit stating that "I can not read or write to good and in a case like this I don't no all my right." The district court denied Bolden's motion on June 15, 1983, concluding that "this is not such an exceedingly complex case that Plaintiff will not be able to adequately represent himself." Bolden timely filed this appeal.

[3]    Specifically, Bolden complained that he was suffering from a rectal infection which was aggravated by an absence of prescribed treatment and medicine. Bolden also alleged negligence on the part of the nurse and physician.

The third and final plaintiff, Kenneth James Midkiff, filed a § 1983 suit *in forma pauperis* in May 1983. Midkiff alleged that he had suffered a broken hand while incarcerated at the Lafayette Parish Jail, and that he had not received proper medical attention. In an affidavit attached to the complaint, Midkiff moved for appointment of counsel pursuant to 28 U.S.C. § 1915(d) stating that "I will not be able to file any other papers, and

do not have law books to look up case law." Midkiff has a high school education.

In June 1983, the district court denied Midkiff's motion for appointment of counsel, concluding that the case was not overly complex. Midkiff filed timely notice of appeal from the district court order on June 23, 1983. On that same day, Midkiff filed a second federal lawsuit, based on the same facts as the first suit [4], against Joseph C. Duhon, Warden of the Lafayette Parish Jail, and Brett Pryor, jailer. Midkiff simultaneously made a motion for appointment of counsel, alleging that the case was serious and that "[I] have no law understand what so ever."

[4]     Specifically, Midkiff alleged that he was "forced to lay down on [his] stomach and hand cuffed behind [his] back with leg shackles run from [his] hands to [his] legs, and in which cut off the circulation in [his] hands and left [him] in pain for hours." He further alleged a lack of medical care.

On July 6, 1983, the magistrate consolidated Midkiff's two suits, and denied Midkiff's motion for appointment of counsel. Midkiff timely filed this appeal.

## I. NOTICE OF APPEAL

**[1]**   We must first decide whether the appeal of appellant Robbins is timely. Robbins failed to file a document constituting a timely notice of appeal pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. Rule 4(a) requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the date of the entry of the judgment or order appealed from." The time limitation for filing a notice of appeal is jurisdictional and lack of a timely notice mandates dismissal of an appeal. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). *Williams v. Treen,* 671 F.2d 892, 895 (5th Cir.1982), *cert. denied,* 459 U.S. 1126, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983). We do accept the filing of certain documents other than a formal notice of appeal, if filed within the thirty day limit of Rule 4(a), as the substantial equivalent of a notice of appeal.

**[2]**   This Court has repeatedly held that a request to proceed *in forma pauperis* satisfies the filing requirement for notice of appeal. *See*   **\*409** *Causey v. Civiletti,* 621 F.2d 691 (5th Cir.1980); *Cobb v. Lewis,* 488 F.2d 41 (5th Cir.1974); *Tillman v. United States,* 268 F.2d 422 (5th Cir.1959).* Plaintiff Robbins' motion to proceed *in forma pauperis* was filed within the thirty day period following the district court's denial of appointment of counsel, and as such, we accept it as the substantial equivalent of a timely notice of appeal. [5]

[5]     We need not decide here whether the earlier document filed in the district court requesting review by this court would be the substantial equivalent of a timely notice of appeal.

## II. JURISDICTION

We next address the question of our jurisdiction over these appeals. Section 1291 of 28 U.S.C. provides, "[t]he courts of appeals shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States ... except where a direct review may be had in the Supreme Court." (emphasis added). A final decision for purposes of § 1291 has been defined as "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Appellees argue that an order denying counsel does not prevent a litigant from presenting a *pro se* claim to the court. Since such an order does not end the litigation on the merits, it cannot be considered a "final decision." Accordingly, appellees argue that this Court has no jurisdiction to consider these appeals.

In response, appellants contend that even if the orders denying counsel do not constitute "final decisions," they nevertheless are appealable under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The issue in *Cohen* was the appealability of a district court order in a stockholder's derivative suit, denying a defendant's motion that the plaintiff be required to post security for costs of litigation. Although that order did not technically end the litigation on the merits, the Court held that it nevertheless was immediately appealable. The Court reasoned that an order denying security for costs would be unreviewable if review was postponed until final disposition of the merits. After disposition of the case on the merits, any right plaintiff might have to security would be lost. Thus, the Court created an exception to the final

decision requirement. In *Cohen* the court explained that this "collateral order" exception is applicable when the district court order falls within "that small class which finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225.

In *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., 556 F.2d 1305 (5th Cir.1977),* this Court concluded with "little hesitation" that a plaintiff who was allowed to file a Title VII suit *in forma pauperis* but was then denied appointed counsel could immediately appeal the denial of his application for counsel. We stated in *Caston:*

> Obviously, the refusal to appoint an attorney is collateral to the merits of the case. The decision to deny the assistance of an appointed attorney to a layman unschooled in the law in an area as complicated as the civil rights field is truly too important to be deferred until a resolution on the merits can be had. Such an individual likely has little hope of successfully prosecuting his case to a final resolution on the merits. Thus, we hold that the denial of an application to appoint counsel pursuant to Section 706(f) of Title VII is immediately appealable pursuant to 28 U.S.C. § 1291.

*Id.* at 1308.

Appellees acknowledge the precedent established in this Circuit by *Caston,* and do not attempt to distinguish the present case **\*410** on its facts.[6] Instead, appellees argue that since our decision in *Caston,* the collateral order doctrine has been constricted and that under the later interpretations a district court order denying appointment of counsel is not appealable prior to disposition on the merits. Appellees refer to *Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981),* and *Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984),* all of which were decided by the Supreme Court subsequent to this Court's decision in *Caston.*

[6]  We take note that *Caston* involved an action filed under Title VII, in contrast with the three cases consolidated here, all of which were filed pursuant to 42 U.S.C. § 1983. For purposes of the issue of

appealability, however, we find no significant legal distinction between a Title VII case and a § 1983 case.

Appellees are correct in their assertion that the *Cohen* doctrine has been restated with significance since our decision in *Caston.* One year after *Caston,* in *Coopers & Lybrand,* the Supreme Court dealt with the appealability of a district court order denying a motion to certify a case as a class action. The Court concluded that such an order was not final nor collateral and thus not appealable prior to a determination of the case on the merits. In order to qualify as collateral, the Court stated that an order must (1) "conclusively determine the disputed question", (2) "resolve an important issue completely separate from the merits of the action", and (3) "be effectively unreviewable on appeal from a final judgment." *Id.* 437 U.S. at 468, 98 S.Ct. at 2458. The first two *Coopers & Lybrand* elements merely track the requirements established in *Cohen.* The third condition, however—that the order be effectively unreviewable on appeal from a final judgment—was not stated as part of the original *Cohen* test.

Applying the *Coopers & Lybrand* test three years later in *Firestone,* the Court held that an order denying a motion to disqualify counsel in a civil case was not appealable as a collateral order because the third *Coopers & Lybrand* element had not been met. An order denying disqualification of counsel is reviewable as part of a final judgment, and it was found not to differ significantly from other interlocutory orders reviewable only after final judgment. *Id.* 449 U.S. at 376, 101 S.Ct. at 674.

In its most recent pronouncement on the appealability of interlocutory orders, the Supreme Court held that the granting of pretrial motions to disqualify defense counsel in criminal prosecutions are not immediately appealable. *Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984).* The Court reasoned that the Sixth Amendment's guarantee of a speedy trial required utmost strictness in the interpretation of the collateral order exception to the final judgment rule in criminal cases. *Id.* 104 S.Ct. at 1055.

The decision in *Flanagan* turned on an analysis of the second *Coopers & Lybrand* element. The Court held that an order granting disqualification of counsel was not an issue sufficiently separable from the merits of the action to justify immediate appeal. This was so because prejudice to a criminal defendant is not presumed upon disqualification of counsel as it would be when

a criminal defendant is denied an asserted right such as appointment of counsel. The Court concluded that a criminal defendant's rights are only violated if it can be demonstrated that a disqualification order actually resulted in prejudice to the defendant. Because actual prejudice cannot be fairly assessed until after trial, an order granting disqualification in a criminal case is not sufficiently separable from the merits of the case. Thus, the second *Coopers & Lybrand* element was found to be unsatisfied. *Id.* 104 S.Ct. at 1056.

*Flanagan* narrowly applies to orders granting disqualification of counsel in criminal cases. This Court has recently considered whether orders granting disqualification in civil cases would be directly appealable. We held that orders granting **\*411** disqualification in civil cases are not appealable under the collateral order exception because such orders do not "lend themselves more readily to consideration apart from the merits of the litigation than such orders in criminal cases." *Gibbs v. Paluk,* 742 F.2d 181, 186 (5th Cir.1984). The Court felt constrained by *Flanagan* to find that the second *Coopers & Lybrand* element was not satisfied because a disqualification order was of such nature that fair assessment of prejudice in the civil context, as in the criminal context, could only be made after completion of the trial. *Id.* at 185. [7]

[7]     Two other circuits have held to the contrary, *see Interco Systems, Inc. v. Omni Corporate Services, Inc.,* 733 F.2d 253 (2nd Cir.1984), *Koller v. Richardson-Merrell, Inc.,* 737 F.2d 1038 (D.C.Cir.1984).

The question presented in these appeals while somewhat analogous differs as to its critical elements from the issue of the appealability of disqualification orders. Appellees urge that the analogy is close and controlling. It is their position that in light of the recent Supreme Court decisions, *Caston* is no longer binding. They contend that an order denying appointment of counsel in civil rights cases does not meet the *Coopers & Lybrand* unreviewability test because any damage created by an erroneous order denying counsel can be remedied on appeal simply by ordering a new trial with appointed counsel. Appellees also question the separability of the appealed order from the underlying merits in view of the Supreme Court's decision in *Flanagan.* They support their arguments by pointing out that other circuit courts have addressed this same issue after *Coopers & Lybrand*

and have ruled *against* appealability. [8] During the same period, however, other circuits have ruled that orders denying counsel in civil rights cases are appealable as collateral orders. [9]

[8]     The Second Circuit had held against appealability in *Miller v. Pleasure,* 425 F.2d 1205 (2nd Cir.), *cert. denied,* 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970). After *Coopers & Lybrand* additional circuits have held that an order denying appointment of counsel is not immediately appealable because such an order is not effectively unreviewable. *See Appleby v. Meachum,* 696 F.2d 145 (1st Cir.1983); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981) (overruling a prior decision in *Jones v. WFYR Radio/RKO General,* 626 F.2d 576 (7th Cir.1980)); *Cotner v. Mason,* 657 F.2d 1390 (10th Cir.1981). In a post-*Flanagan* case, the Third Circuit held in *Smith-Bey v. Petsock,* 741 F.2d 22 (3d Cir.1984), that orders denying appointment of counsel were not subject to immediate appeal because such orders were not sufficiently separable from the underlying merits, overruling its previous holding in *Ray v. Robinson,* 640 F.2d 474 (3d Cir.1981).

[9]     The Eighth Circuit decided in three pre-*Flanagan* cases that orders denying appointment of counsel in civil rights cases were immediately appealable. *Slaughter v. City of Maplewood,* 731 F.2d 587 (8th Cir.1984), *Hudak v. Curators of University of Missouri,* 586 F.2d 105 (8th Cir.1978), *cert. denied,* 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979) (denial of appointment of counsel in an employment discrimination suit was immediately appealable under Title VII and 42 U.S.C. 1981 and 1982), and *Peterson v. Nadler,* 452 F.2d 754 (8th Cir.1971) (denial of appointment of counsel directly appealable in an action for a fraudulent conversion of an indigent's property by his former attorney). In *Henry v. City of Detroit Manpower,* 739 F.2d 1109 (6th Cir.1984), the Sixth Circuit held, post-*Flanagan,* that interlocutory orders denying appointment of counsel could be immediately appealed. The Ninth Circuit reached a similar conclusion in a Title VII case in *Bradshaw v. Zoological Society,* 662 F.2d 1301 (9th Cir.1981).

The *Caston* decision was implicitly reaffirmed by this Court in *White v. United States Pipe & Foundry Co.,* 646 F.2d 203 (5th Cir.1981). The Court did not address the jurisdictional question of appealability of orders denying appointment of counsel but focused instead on the merits of the district court's grounds for denying the plaintiffs'

applications. *White* was decided subsequent to *Coopers & Lybrand.* We must, therefore, recognize that this Court decided that the result reached in *Caston* had not been altered by the *Coopers & Lybrand* redefinition of the *Cohen* test. [10] Here we turn our attention specifically to the appealability issue, and we confirm the result in *White.*

[10]    The Court in *White* noted that the district court explained to the plaintiffs in that case that its denial of their applications for counsel could be immediately appealed. *Id.* at 205 note 4.

**\*412** **[3]**    For an interlocutory order to be appealable immediately, *Coopers & Lybrand* requires that the order (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. We conclude that all three elements are satisfied by an order denying appointment of counsel in civil rights cases and that the order is subject to immediate appeal.

The first *Coopers & Lybrand* element is met because the order is one that conclusively determines the question of appointment of counsel. If a defendant after denial of the motion chooses to go forward with his claim, he must do so without the assistance of appointed counsel.

The second requirement raises a closer question. Can an order denying counsel be considered separable from and collateral to the underlying merits of the litigation after *Flanagan's* elaboration of the second *Coopers & Lybrand* element? This Court stated unequivocally in *Caston* that "[o]bviously, the refusal to appoint an attorney is collateral to the merits of the case." *Id.* at 1308. We do not find that *Flanagan* in any way alters this conclusion.

**[4]**    Generally speaking, no right to counsel exists in § 1983 actions. *Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). However, this court has recognized that appointment of counsel should be made as authorized by 28 U.S.C. § 1915(d) where "exceptional circumstances" are present. *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir.1982); *Schack v. Florida,* 391 F.2d 593 (5th Cir.), *cert. denied,* 392 U.S. 916, 88 S.Ct. 2080, 20 L.Ed.2d 1376 (1968). Although no comprehensive definition of "exceptional circumstances" is practical, "the existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the

abilities of the individual bringing it". (footnote omitted). *Branch,* 686 F.2d at 266.

In *Branch,* a plaintiff in a post-trial appeal challenged the denial of appointment of counsel by the district court in a state prisoner's civil rights action. This Court held that in considering whether exceptional circumstances existed, the Court could only look at facts known by the district court *prior* to trial. Hindsight gained by observing the litigant's actual performance was an inappropriate consideration. *Id.* at 266. *Branch,* therefore, instructs us to review orders denying counsel in light of facts before the district court when the denial of appointment of counsel was ordered, and not in relation to what ensued at trial. This is in complete contrast to orders conveying disqualification of counsel. *See Firestone* and *Flanagan, supra,* where the evaluation is based upon prejudice at trial. The factors examined in reviewing an order denying appointment of counsel are, therefore, separable from the merits of the case. This fact meets the *Caston* requirement that an order to be appealable must be viewed as separate from the merits of the underlying litigation. Thus, we find that the second *Coopers & Lybrand* element has been satisfied.

Finally, we consider whether an order denying appointment of counsel will be effectively unreviewable on appeal from a final judgment. In *Caston,* this Court expressed the view that a layman unschooled in the law in the area of civil rights who had been inappropriately denied assistance of appointed counsel had little hope of successfully prosecuting his case to final resolution on the merits. *Id.* at 1308. This statement is no less true after *Coopers & Lybrand.* Indeed, there remains a great risk that a civil rights plaintiff may abandon a claim or accept an unreasonable settlement in light of his own perceived inability to proceed with the merits of his case, [11] **\*413** resulting in the loss of vital civil rights claims.

[11]    We note, as did the Ninth Circuit in *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1310 n. 22 (9th Cir.1981), that abandoning a claim in a civil rights case because of a denial of appointed counsel must be distinguished from abandoning a claim because of failure to certify a class, which was the issue in *Coopers & Lybrand,* 98 S.Ct. at 2458–62. In *Coopers & Lybrand,* the Supreme Court discussed the so called "death knell" doctrine as a possible justification of appealability of a class certification

claim. The Court held that the doctrine did not justify appellate jurisdiction for interlocutory orders denying class certification. Under the "death knell" doctrine, some courts have allowed immediate appeal of orders in certain cases on the theory that denial of direct appeal would effectively preclude review of any of the issues in those cases, not just of the collateral issues from which the appeals were taken. *Gillespie v. United States Steel Corporation,* 379 U.S. 148, 152–55, 85 S.Ct. 308, 311–12, 13 L.Ed.2d 199 (1964); 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3912 (1976). As this Court noted, "neither the language nor holding of [*Coopers & Lybrand* ], or the views of the commentators as to its meaning," support an argument that the decision overruled the death knell doctrine in contexts other than denial of class certification. *McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir.1982).

The holdings of *Firestone* and *Gibbs* dealing with disqualification of counsel do not affect our determination that orders denying appointment of counsel are effectively unreviewable because denial of appointed counsel involves different considerations. As pointed out earlier, the issue in orders involving disqualification is prejudice during trial. Disqualification orders do not result in the inability of litigants to advance through their trial and to raise possible issues of the appropriateness of the disqualification order on appeal. A litigant who can afford counsel may erroneously be denied his choice of counsel when a disqualification motion is granted, but he is still able to proceed with other retained counsel. This is assurance that the opportunity for meaningful review will not perish. But when a litigant unable to afford counsel and unable to present his case himself is forced to proceed *pro se,* there is little guarantee that a civil rights action will be successfully prosecuted to appeal so that the denial of counsel may be reviewed.

**[5]** We emphasize that the application of the third *Coopers & Lybrand* requirement is not whether a claim becomes jurisdictionally unreviewable, but whether it becomes *effectively* unreviewable. It is technically true, as appellees argue, that a litigant denied appointment of counsel may proceed *pro se.* However, it is the likelihood that a litigant will not be able to effectively prosecute his claim or to appeal that determines the reviewability of that claim rather than the theoretical existence of the right to proceed with a claim. The potential loss of a claim by a *pro se* civil rights litigant involves an "asserted right the legal and practical value of which would be destroyed if it

were not vindicated before trial." *Firestone,* 101 S.Ct. at 675 (quoting *United States v. MacDonald,* 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18 (1978)). Thus, we find that the third *Coopers & Lybrand* element is satisfied.

**[6]** We conclude, therefore, that orders denying appointment of counsel to litigants who have clearly demonstrated inability to afford counsel continue to fall into the class of orders envisaged by *Cohen* that are directly appealable as interlocutory orders.

## III. MERITS

**[7]**  **[8]** Having concluded that an order denying appointment of counsel in a civil rights action is directly appealable, we turn to the question of whether in any of these consolidated cases such denial by the district court was an abuse of discretion. We find it necessary to remand all three cases before us because we cannot determine from the records whether the district courts exercised reasoned and well-informed discretion in denying the motions. In all three cases, the district courts made cursory findings that the cases lacked the complexity necessary to warrant appointment of counsel and that plaintiffs possessed the ability adequately to represent themselves. Although complexity of the issues and ability to represent themselves are appropriate factors in reviewing requests for appointment of counsel, we cannot review the merits without more specific findings by the district courts as to why counsel was denied in each of these cases.

REVERSED AND REMANDED.

**\*414** GARWOOD, Circuit Judge, dissenting.

Though the majority opinion treats the issue fairly and comprehensively, stating as persuasive a case for appealability as can be made, I nevertheless must respectfully dissent from its holding that these orders denying appointment of counsel are appealable under the "collateral order" exception enunciated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

The majority places principal reliance on our decisions in *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305 (5th Cir.1977), and *White v. United States Pipe & Foundry Co.,* 646 F.2d 203 (5th Cir.1981).

As the majority recognizes, *Caston* predates the Supreme Court's decisions in *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); and *Flanagan v. United States,* 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), as well as our own decision in *Gibbs v. Paluk,* 742 F.2d 181 (5th Cir.1984). The *Firestone* decision caused the Seventh Circuit, in *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064, 1066 (7th Cir.1981), to overrule its prior decision in *Jones v. WFYR Radio/RKO General,* 626 F.2d 576, 576 n. * (7th Cir.1980), which, in reliance on *Caston,* had held orders such as these to be appealable. The Tenth Circuit, relying principally on *Coopers* and *Firestone,* has declined to follow our *Caston* decision. *Cotner v. Mason,* 657 F.2d 1390 (10th Cir.1981). The First Circuit, in *Appleby v. Meachum,* 696 F.2d 145 (1st Cir.1983), approved both *Randle* and *Cotner.*

Post-*Flanagan,* only two Circuits have heretofore spoken to the precise question. In *Smith-Bey v. Petsock,* 741 F.2d 22 (3d Cir.1984), the Third Circuit felt compelled by *Flanagan* to reconsider and overrule its earlier decision in *Ray v. Robinson,* 640 F.2d 474 (3d Cir.1981), which had held appealable orders denying appointment of counsel under 28 U.S.C. § 1915(d), relying in part on *Caston.* The *Smith-Bey* Court regarded *Flanagan* as being "a fortiori" on that issue. 741 F.2d at 25. A contrary position was taken by the Sixth Circuit in *Henry v. City of Detroit Manpower Department,* 739 F.2d 1109 (6th Cir.1984). However, the *Henry* opinion regarded *Flanagan* as being confined to criminal cases, *id.* at 1116, and hence felt free to rely on prior decisions holding disqualification of counsel in civil cases to be immediately appealable. *Id.* at 1117–18. We have already rejected this rationale in *Gibbs,* where the panel felt compelled by *Flanagan* to depart from several prior decisions of this Court extending *Cohen* appealability to civil case disqualification of counsel orders. 742 F.2d at 183 n. 5. [1]

[1] Post-*Firestone* and pre-*Flanagan,* the Eighth and Ninth Circuits held orders denying appointment of counsel in civil cases were immediately appealable. *Slaughter v. City of Maplewood,* 731 F.2d 587 (8th Cir.1984); *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301 (9th Cir.1981). The majority opinion in *Bradshaw* relied in part on the then rule that disqualification of counsel orders were

immediately appealable in civil cases. *Id.* at 1313. It also relied, *id.* at 1305 & n. 11, on what it regarded as the unanimous rule, at least in Title VII cases; however, in two instances later decisions have overruled those relied on by *Bradshaw, see Smith-Bey; Randle* and, in another decision relied on had already been overruled. *See Miller v. Pleasure,* 425 F.2d 1205 (2d Cir.), *cert. denied,* 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970), *overruling Miller v. Pleasure,* 296 F.2d 283 (2d Cir.1961), *cert. denied,* 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).

In my opinion, the intervening decisions in *Coopers, Firestone, Flanagan* and *Gibbs* have cut the ground from under *Caston* and this panel should no longer follow it, just as the *Gibbs* panel felt compelled by *Flanagan* to depart from our prior decisions dealing with disqualification orders in civil cases. *White* does not stand in the way of this result, for it does not even address the jurisdictional issue, and is in any event pre-*Flanagan.*

To apply the test for *Cohen* appealability to these orders, some initial consideration may appropriately be given to the criteria under which such counsel appointment decisions are made and reviewed.

**\*415** We have stated that "generally speaking no right to counsel exists in § 1983 actions." *Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). The "no right" language of *Hardwick,* however, "is subject to limitation when exceptional circumstances exist." *Slavin v. Curry,* 690 F.2d 446, 448 (5th Cir.1982). As this is gauged by "the type and complexity of the case, and the abilities of the individuals bringing it," *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir.1982), it necessarily "depends upon the facts in each case." *Slavin* at 448. "Consequently, the decision whether to appoint counsel properly lies within the sound discretion of the district court." *Id.* In *Caston* we "reject[ed] the notion that the merits of the claim may not be considered in ruling upon an application for counsel." 556 F.2d at 1309. Although it is not entirely clear from the opinion, it appears that in *Branch* we adopted a rule of automatic reversal for instances where a requested appointment of counsel was erroneously denied. 686 F.2d at 267. We also stated in *Branch* that the propriety of the trial court's action on a given request for counsel would be reviewed only on the basis of the facts known to the trial court when the challenged ruling was made. *Id.* at 266.

Three or four characteristics have been authoritatively identified as ones each of which an order not finally

disposing of the case on the merits must possess if it is to have *Cohen* appealability. Three are stated in *Coopers* as follows:

"... [1] the order must conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." 98 S.Ct. at 2458.

In *Nixon v. Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982), the Court noted that "[a]s an additional requirement, *Cohen* established that a collateral appeal of an interlocutory order must 'present [ ] a serious and unsettled question.' 337 U.S. at 547, 69 S.Ct. at 1226."

Determination of whether an order meets these tests must be made in light of the rule that "the *Cohen* doctrine 'should be strictly construed.' " *Spiess v. C. Itoh & Co. (America), Inc.,* 725 F.2d 970, 975 (5th Cir.1984) (quoting *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1378 n. 8 (5th Cir.1980)).

In my opinion, the present orders do not meet the first and fourth *Cohen* requirements and are also deficient in respect at least to one, and perhaps both, of the second and third requirements.

The first requirement, stated in *Coopers* as "must conclusively determine the disputed question," 98 S.Ct. at 2458, was restated in *Firestone* as "the challenged order must constitute 'a complete, formal and, in the trial court, final rejection,' *Abney v. United States,* 431 U.S. [651] at 659, 97 S.Ct. [2034] at 2040 [52 L.Ed.2d 651] [1977], of a claimed right ...." *Firestone,* 101 S.Ct. at 675. The *Caston* panel did not address this requirement, and the majority opinion here does so only in a conclusory manner. In *Coopers* the Court held that an order denying class certification failed to meet the first requirement because "such an order is subject to revision in the District Court." 98 S.Ct. at 2458. That is plainly the situation here. In each of the present appeals the reason given below for denial of counsel was that the case was not overly complex or beyond the plaintiff's capacity to represent himself. Should later developments indicate a greater complexity or a lesser capacity, the district court might well appoint counsel. For example, in one of the appeals (*Robbins,* our No. 83–3240), the district court's order states "[t]he court finds petitioner is not entitled to counsel *at this time* in

this suit" (emphasis added). Such tentativeness is inherent in the complexity/capacity component of the standard for counsel appointment, as well as in "the merits of the claim" component of that standard. Of course, the district court's order finally denies counsel for at least a temporary period, but that is not the kind of final rejection in the trial court which is envisaged by the first *Cohen* factor, else that factor would be completely meaningless. This is the obverse of the situation **\*416** referred to in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 103 S.Ct. 927, 935 n. 14, 74 L.Ed.2d 765 (1983) ("virtually all interlocutory orders may be altered or amended before final judgment" and so the first *Coopers* factor "does not reach all pretrial orders that are formally subject to revision, but only those as to which some revision might reasonably be expected in the ordinary course of litigation."). As the *Appleby* Court stated:

"We do not think that a denial of appointed counsel at the outset necessarily 'conclusively determine[s] the disputed question ....' [*Coopers,*] 437 U.S. [463] at 468, 98 S.Ct. [2454] at 2457. We would expect the district court to leave the order 'subject to revision,' *id.* 437 U.S. at 469, 98 S.Ct. at 2458, as, for example, where a possibly meritorious case appears to be developing." 696 F.2d at 147. [2]

[2] In this respect, the present appeals are to be contrasted to those where "[t]he district court conclusively determined that question by the decision manifesting its belief that it had no authority to appoint counsel in this type of case." *Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir.1981). The *Bradshaw* court considered that it was faced with a similarly final order, as the denial of counsel there was predicated on the assumption that appointment of counsel was inappropriate in any Title VII case since if the case had merit retained counsel could be obtained because of the attorney fee provisions of Title VII. 662 F.2d 1301 at 1319. Admittedly, *Firestone* points in the other direction. 101 S.Ct. at 674. But there the character of right at issue (not to have one's opponent represented by counsel with conflicting interests) was different than that here, and the district court's order was on its face definitive and purported to govern continued representation throughout the proceeding. *Id.* 101 S.Ct. at 671–72. It was not an order "as to which some revision might reasonably be expected in

the ordinary course" of proceedings in the trial court. *Cone,* 103 S.Ct. at 935 n. 14.

*See also Henry,* 739 F.2d at 1121 (Bailey Brown, Senior Circuit Judge, dissenting) ("... the very nature of the question suggests that the determination should not be deemed conclusive for purposes of appeal.").

The second *Cohen* factor as articulated in *Coopers* is that the order "resolve an important issue completely separate from the merits of the action." *Coopers* held that a class action determination did not meet this test because such a ruling "generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' " 98 S.Ct. at 2458. Since the propriety of declining to appoint counsel depends in such large part on how complex the facts of the particular substantive claim are and on the degree of arguable merit which the claim has, it would appear that the "completely separate from the merits" test as articulated in *Coopers* is not met by the present orders. *See Appleby,* 696 F.2d at 147; *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1332 (9th Cir.1981) (J. Clifford Wallace, Circuit Judge, dissenting).[3] However, in *Flanagan* the Court stated that the second condition for *Cohen* appealability would *not* be met in respect to an order disqualifying defense counsel in a criminal case *if* the "asserted right is one requiring prejudice to the defense for its violation." 104 S.Ct. at 1057. A possible negative inference from this language is that denial of counsel *does* meet the second appealability condition *if* redress for its violation does *not* require a showing of prejudice in the outcome of the case. If, as *Branch* indicates, we do not require a showing of prejudice in order to reverse for **\*417** an erroneous denial of counsel, then it is arguable from this language in *Flanagan* that the second condition for appealability is met. Otherwise, however, it is clear that the second condition is not met.

[3] Further, counsel is not appointed in cases such as these for any reason other than to help the party for whom the appointment is made prevail on the merits of his case. The appointment has no significance independent of that merits-related purpose. By contrast, the protection to be afforded by the security at issue in *Cohen* would in no sense be rendered superfluous if the party who requested it were to ultimately prevail on the merits. Similarly, the protections such as those afforded by the Double Jeopardy Clause, the Speech and Debate Clause and

the doctrine of executive immunity are designed, in part at least, to shield their beneficiaries from the litigation process, in addition to shielding them from adverse judgments, and are in that sense separate from the merits of the underlying cause of action. *See Flanagan,* 104 S.Ct. at 1055; *Spiess,* 725 F.2d at 974–75.

This brings us to the third condition, that the order "be effectively unreviewable on appeal from a final judgment." *Coopers,* 98 S.Ct. at 2458. *Firestone* restated this condition as one which was met only " 'where denial of immediate review would render impossible any review whatsoever.' " 101 S.Ct. at 675. *Flanagan* clearly holds that this condition is not met if review of the order following trial on the merits is under the presumed prejudice standard:

"In sum, as petitioners concede, if establishing a violation of their asserted right requires no showing of prejudice to their defense, a pretrial order violating the right does not meet the third condition for coverage by the collateral order exception: it is not 'effectively unreviewable on appeal from a final judgment.' " 104 S.Ct. at 1056.

The majority suggests that the party denied counsel will for that reason be unable to perfect an appeal or will be discouraged from doing so. I disagree. A party capable of perfecting *pro se* an appeal from an order denying counsel is likewise capable of so perfecting an appeal after judgment on the merits. As to discouragement, the Court in *Coopers* said "we *hold* that the fact that an interlocutory order may induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final decision' within the meaning of § 1291." 98 S.Ct. at 2462 (footnote omitted; emphasis added). *See also Firestone,* 101 S.Ct. at 675–76 & n. 13. Certainly, the large number of *pro se* tried cases where *pro se* appeals have been perfected in this Court should suffice to demonstrate that the denial of appointment of counsel does not effectively prevent, or ultimately wholly discourage, such cases from being actually tried and appealed. *See, e.g., Appleby,* 696 F.2d at 146 ("... we are unpersuaded by arguments to the effect that *pro se* plaintiffs are such a frail class of litigants that denial of appointed counsel at the outset effectively terminates the suit ...."). *See also Branch; Slavin.*

In sum, *Flanagan* makes clear that if failure to appoint counsel is tested on review by a prejudice standard, then it does not meet the second condition for *Cohen*

appealability, while if it is tested on review by a presumed prejudice standard, then it does not meet the third condition. In neither event is the order appealable before final judgment. *Flanagan,* 104 S.Ct. at 1056–57.

The fourth condition for *Cohen* appealability is that the challenged order presents a serious and unsettled question. Here, the respective district courts entered the challenged orders under no apparent misapprehension of the correct and well settled legal criteria, and review of the propriety of the denial hence presents only a question of whether, in light of all the particular facts in each discrete case, the district court abused its discretion. *Cohen* itself indicates that review of such an order should await final judgment. 69 S.Ct. at 1266.

Holding orders of this character appealable before final judgment represents in my view a major and serious invasion of the values sought to be promoted by the final judgment rule. It tends to undermine "the respect due trial judges by" materially increasing "appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation." *Flanagan,* 104 S.Ct. at 1054. It makes highly probable multiple appeals in *every in forma pauperis civil* case in which counsel is requested and denied. Section 1915(d), the *only* basis for appointment of counsel in these actions, is *not* confined to civil rights cases, but extends to *all* civil cases prosecuted *in forma pauperis. See Henry,* 739 F.2d at 1124–25 (Bailey Brown, Senior Circuit Judge, dissenting). If counsel is requested on filing the action and then denied, there will be an appeal. **\*418** Though there is an affirmance, [4] if

the request is renewed and again denied when an amended pleading is filed or following discovery or rulings on motions to dismiss or the like, then there will still be another appeal. Perhaps then we will decide to remand, as we do here, because we regard the trial court's order as insufficiently specific in its reasons for denial. [5] If denial again follows, there is yet another appeal, the third *prior to trial.* [6] Such a prospect is the very kind of thing the final judgment rule is designed to prevent.

[4]    If we mean it when we say that the appointment decision is committed to the trial court's discretion, then it follows that in the vast majority of instances we will not ultimately direct an appointment decision different than that made by the trial court. This is certainly in keeping with the source of court authority in these instances, namely, section 1915(d) which relevantly provides only that "[t]he court *may request* an attorney to represent any such person [allowed to proceed *in forma pauperis* ] unable to employ counsel." (Emphasis added.)

[5]    Such remands are not rare. *See, e.g., Caston.*

[6]    Indeed, the plaintiff may eventually fully prevail at trial, rendering all three pretrial appeals meaningless.

For these reasons, I respectfully dissent.

**All Citations**

750 F.2d 405, 40 Fed.R.Serv.2d 1427

---

    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

  © 2018 Thomson Reuters. No claim to original U.S. Government Works.